## LIST OF EXHIBITS

1. Exhibit 1 – N.H. Supreme Court order of August 10, 2026 (order of notice), Nos. JD-2026-0001 and JD-2026-0003, distribution list redacted by the court
2. Exhibit 2 – N.H. Supreme Court order of September 4, 2026 (order on petition), Nos. JD-2026-0001 and JD-2026-0003, distribution list redacted by the court
3. Exhibit 3 – Email of Dana Albrecht to Jessica King, General Counsel, N.H. Judicial Branch (Sept. 4, 2026), quoting General Counsel's email to Nancy West of August 24, 2026
4. Exhibit 4 – Email of Dana Albrecht to Timothy Gudas, Clerk (Sept. 10, 2026), requesting the docket sheet for Case No. JD-2026-0004, and the Clerk's reply of the same date

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Dana Albrecht v. Patrick E. Donovan, et al.

Civil No. ______________________

# EXHIBIT 1

Order of the New Hampshire Supreme Court dated August 10, 2026 (order of notice on Plaintiff's Rule 12(3) petition), Case Nos. JD-2026-0001 and JD-2026-0003, distribution list redacted by the court

**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case Nos. JD-2026-0001 and JD-2026-0003, In re Judicial Conduct Committee Proceeding, the court on August 10, 2026, issued the following order:**

On August 10, 2026, Dana Albrecht filed a Supreme Court Rule 12(3) petition for access to the case record. In accordance with Rule 12(3)(b), this order provides the parties with notice of Dana Albrecht's petition, which is available for review in the court's e-filing system. On or before August 20, 2026, any party may file a response to his petition.

To maintain the confidentiality of the case record until a Rule 12(3)(d) order is issued, any response must not be served on or sent to Dana Albrecht. The court will review each response to determine whether the clerk should provide a copy of the response, with or without redactions, to Dana Albrecht.

Nadeau, J., retired superior court chief justice, and Attorri, Honigberg, MacLeod, and Kennedy, JJ., superior court justices, all specially assigned under RSA 490:3, II, concurred.

**Timothy A. Gudas,**
**Clerk**

Distribution:
**REDACTED**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Dana Albrecht v. Patrick E. Donovan, et al.

Civil No. ______________________

# EXHIBIT 2

Order of the New Hampshire Supreme Court dated September 4, 2026 (order on Plaintiff's Rule 12(3) petition), Case Nos. JD-2026-0001 and JD-2026-0003, distribution list redacted by the court

**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case Nos. JD-2026-0001 and JD-2026-0003, In re Judicial Conduct Committee Proceeding, the Court on September 4, 2026, issued the following order:**

On August 10, Dana Albrecht filed a New Hampshire Supreme Court Rule 12(3) Petition for access to the above-captioned case. Rule 12, entitled, "Requests for Confidentiality of Case Records, Access to Case Records" is a general rule governing access to certain Supreme Court case records, with identified exceptions. On the other hand, New Hampshire Supreme Court Rule 40, is entitled, "Procedural Rules of Committee of Judicial Conduct" and contains a specific section entitled, "Confidentiality of Proceedings." Rule 40(3).

In construing rules, when one rule deals with a subject in general terms, and another "deals with a part of the same subject in a more detailed way, the latter will be regarded as an exception to the general enactment where the two conflict." Bel Air v. New Hampshire Dept. of Health and Human Services, 154 N.H. 228, 233 (2006) (citation omitted); Doe v. N.H. Dep't of Safety, 160 N.H. 474, 477 (2010) (In construing rules, as in construing statutes, where possible, we ascribe the plain and ordinary meaning to the words used). In reviewing a Supreme Court Rule, the Court employs this same methodology.

In this situation, because Rule 40 specifically governs access to Judicial Conduct Committee proceedings, it controls and the general rule, i.e., Rule 12, governing access to other Supreme Court case records, is not relevant. Accordingly, in accordance with the plain and ordinary language in Rule 40, Mr. Albrecht is not entitled to obtain access to the records in the above-captioned matter. The Clerk is directed to send a copy of this order, with the distribution list redacted, to Mr. Albrecht.

Nadeau, J., retired superior court chief justice, and Attorri, Honigberg, MacLeod, and Kennedy, JJ., superior court justices, all specially assigned under RSA 490:3, II, concurred.

**Timothy A. Gudas,**
**Clerk**

Distribution:
**Redacted**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Dana Albrecht v. Patrick E. Donovan, et al.

Civil No. ____________________

# EXHIBIT 3

Email of Dana Albrecht to Jessica King, General Counsel, New Hampshire Judicial Branch (September 4, 2026), quoting General Counsel's email to Nancy West of August 24, 2026

**Subject:** Re: Fwd: Response to Right to Know request - JD-2026-0001 & JD-2026-0003
**From:** Dana Albrecht <dana.albrecht@hushmail.com>
**Date:** 9/4/26, 15:40
**To:** Jessica King <jaking@courts.state.nh.us>
**CC:** "generalcounsel@courts.state.nh.us" <generalcounsel@courts.state.nh.us>, Timothy Gudas <TGudas@courts.state.nh.us>, Sherri Miscio <SMiscio@courts.state.nh.us>, David Sakowich <dsakowich@courts.state.nh.us>, Nancy West <nancywestnews@gmail.com>, Todd Bookman <tbookman@nhpr.org>, Robert Lynn <rjlynn4@gmail.com>, Dana Albrecht <dana.albrecht@hushmail.com>

Good afternoon Ms. King,

I understand that on August 24, 2026, it was the official position of the New Hampshire Judicial Branch, as articulated by and through its general counsel, that "the documents [In Depth NH sought] **are sealed court records** [emphasis added]"

Further, if anyone should seek access, they "must follow the process outlined in Supreme Court Rule 12."

Is this still the case?

Why or why not?

Thank you for your consideration.

Dana Albrecht

> From: **GeneralCounsel** <GeneralCounsel@courts.state.nh.us>
> Date: Mon, Aug 24, 2026 at 5:53 PM
> Subject: Response to Right to Know request
> To: nancywestnews <nancywestnews@gmail.com>
>
> Good afternoon Ms. West,
>
> The New Hampshire Judicial Branch is in receipt of your request, pursuant to the State's Right to Know statute and Part I, Article 8 of the New Hampshire Constitution, for the following records: JD 260001 and 260003 and the responses to Dana Albrecht's motion to unseal them.
>
> Please note that per *In re Union Leader Corp.*, 147 N.H. 603 (2002), the Judicial Branch is not subject to RSA chapter 91-A and fulfills its constitutional obligations by providing access to court

records. However, the documents you seek are sealed court records and are not available to the public. Should you seek access, you must follow the process outlined in Supreme Court Rule 12.

Thank you for your attention to this matter,

Jessica

Jessica King
General Counsel
New Hampshire Judicial Branch
1 Granite Place, Suite N 400
Concord, NH 03301
603-271-2521
JAKing@courts.state.nh.us

Attachments:

Redacted 8-10-26 Order of notice re Dana Albrecht's petition.pdf 60.2 KB

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Dana Albrecht v. Patrick E. Donovan, et al.

Civil No. ______________________

# EXHIBIT 4

Email of Dana Albrecht to Timothy Gudas, Clerk of the New Hampshire Supreme Court (September 10, 2026), requesting the public docket card for Case No. JD-2026-0004, and the Clerk's reply of the same date

**Subject:** Re: Request for Public Docket Card: NH Supreme Court Case No. JD-2026-0004
**From:** Timothy Gudas <TGudas@courts.state.nh.us>
**Date:** 9/10/26, 18:24
**To:** Dana Albrecht <dana.albrecht@hushmail.com>
**CC:** "Sherri L. Miscio" <SMiscio@courts.state.nh.us>, "Jessica A. King" <JAKing@courts.state.nh.us>, LawLibrary <LawLibrary@courts.state.nh.us>, David Sakowich <DSakowich@courts.state.nh.us>

No, I am not authorized to provide it to you or any non-party.

Tim Gudas

---

**From:** Dana Albrecht <dana.albrecht@hushmail.com>
**Sent:** Thursday, September 10, 2026 5:22 PM
**To:** Timothy Gudas <TGudas@courts.state.nh.us>
**Cc:** Sherri L. Miscio <SMiscio@courts.state.nh.us>; Jessica A. King <JAKing@courts.state.nh.us>; LawLibrary <LawLibrary@courts.state.nh.us>; David Sakowich <DSakowich@courts.state.nh.us>; Dana Albrecht <dana.albrecht@hushmail.com>
**Subject:** Request for Public Docket Card: NH Supreme Court Case No. JD-2026-0004

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

Good evening Mr. Gudas,

May I please have a copy of the Court's public docket card for N.H. Supreme Court Case No. JD-2026-0004?

As the New Hampshire Supreme Court has explained, "The right to open courtrooms and access to court records related to court proceedings is firmly supported by New Hampshire practice and common law principles, Part I, Articles 8 and 22 of our State Constitution and our guidelines for public access ... [and] ... under our constitutional and decisional law, a party seeking closure or nondisclosure of court records has the burden to demonstrate, with specificity, a sufficiently compelling interest, outweighing the public's right of access." *Petition of Union Leader Corp.*, 147 N.H. 603, 604 (2002).

Thank you for consideration.

Sincerely,
Dana Albrecht